# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BLOOM, | ) |
| Plaintiff, | ) Civil Action No. 3: 12-cv-00103 |
| | ) |
| | ) United States District Judge |
| v. | ) Kim R. Gibson |
| | ) |
| JOHN DOE, Superintendent, SCI | ) |
| Houtzdale, et al., | ) |
| | ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

On October 21, 2014, the Court received correspondence from Plaintiff Robert Bloom, which the Court deems to be a Motion for Reconsideration (ECF No. 36). For the reasons that follow, the motion will be denied.

### Background

On December 19, 2012, the Magistrate Judge entered a Report and Recommendation which recommended that the Complaint be dismissed based upon Plaintiff's failure to prosecute the action (ECF No. 27). Plaintiff was served with the Report and Recommendation at his listed address and was advised that he had until January 7, 2013, to file written objections to the Report. No objections were filed nor did Plaintiff request an extension of time in which to do so.

On January 15, 2013, the Court entered a Memorandum Order adopting the Report and Recommendation as the Opinion of the Court and the action was dismissed for failure to prosecute (ECF No. 28). Plaintiff was advised that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, he had thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

On October 21, 2014, the Court received the instant correspondence in which Plaintiff

requests the Court to reconsider the December 19, 2012, Report and Recommendation. Plaintiff states that "he just got this legal paper from SCI Fayette's mail room . . . ."

**Standard of Review**

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli,* 337 F.3d 282, 28 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby,* 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce v. Assoc. Inc. v. Nemours Found.,* 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli,* 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided.

2

## Discussion

The Court will treat the correspondence as a motion as filed pursuant to Rule 60(b). Plaintiff baldly asserts that prison officials delayed in delivering the Court's Report and Recommendation to him. Plaintiff does not indicate if he ever received the Memorandum Order of January 15, 2013, which adopted the Report and Recommendation.

This case was dismissed because Plaintiff had a history of failing to respond to Court Orders. For example, he failed to file either a response to a Motion to Dismiss or an Amended Complaint by November 16, 2012, although he was ordered to do so by Order of October 15, 2012 (ECF No. 23). When Plaintiff failed to respond, an Order to Show Cause was filed on November 26, 2012, in which Plaintiff was ordered to file a response in opposition to Defendants' Motion to Dismiss and advised that failure to file any response by December 14, 2012, would result in dismissal of this case for failure to prosecute (ECF No. 26). Only after Plaintiff failed to respond to the Order to Show Cause, did the Court on January 15, 2013, adopt the Report and Recommendation, which recommended dismissing the action for failure to prosecute.

In *United States v. Fiorelli*, 337 F.3d 282, 289-90 (3d Cir. 2003), the United States Court of Appeals stated that "a prison's <u>actual</u> delay or interference in the delivery of a final order of the district court is excluded from the calculation of the timeliness of motions for reconsideration . . . filed by pro se inmates." (emphasis added) *See also Barner v. Williamson*, 461 F. App'x 91 n. 4 (3d Cir. 2012) (citing *Fiorelli*). Based on Plaintiff's history of failing to respond, coupled with the fact that Plaintiff has produced absolutely no evidence to support his allegation that the

mailroom at SCI Fayette withheld his legal mail for well over a year, the Court finds that Plaintiff's motion for reconsideration is without merit and will be denied.

## ORDER OF COURT

AND NOW, this 24th day of October, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion for Reconsideration is **DENIED**.

Kim R. Gibson
United States District Judge

cc: ROBERT BLOOM
KG-3843
SCI Fayette
50 Overlook Drive
P.O. Box 9999
LaBelle, PA 15450-0999
(via U.S. Postage, first class mail)

Mary Lynch Friedline
Office of Attorney General
(via ECF electronic notification)